David E. Rogers (AZ Bar #019274)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6225
Facsimile: (602) 382-6070
E-Mail: drogers@swlaw.com

Attorneys for Plaintiff P&L Industries, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| P&L INDUSTRIES, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>SELLMARK CORPORATION, a Texas corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Jury Trial Requested) |

Plaintiff P&L Industries, Inc. ("P&L") for its Complaint alleges against Sellmark Corporation ("Sellmark"):

1. P&L is a corporation organized under the laws of the State of Arizona and having a place of business at 101 Airpark Road, Cottonwood, Arizona, United States, 86326.

2. On information and belief, Sellmark is a Texas corporation having its principal place of business at 2201 Heritage Parkway, Mansfield, TX 76063.

3. P&L is the assignee of United States Patent No. 6,421,947 (the "'947 Patent") entitled "AXIS ALIGNMENT APPARATUS."

4. P&L has the right to sue for the relief sought herein, including, without limitation, injunctive relief and monetary damages.

5. A true and correct copy of the '947 Patent is attached hereto as Exhibit 1.

13709419.1

6. A true and correct copy of a website page from the United States Patent and Trademark Office website showing the assignment of the '947 Patent to P&L is attached hereto as Exhibit 2.

7. P&L is in the business of, among other things, selling and offering to sell laser boresighters in Arizona and throughout the United States.

8. Upon information and belief, Sellmark has imported into the United States, offered for sale, and sold laser boresighters to The Sportsman's Guide, Inc. ("Sportsman's"), having a place of business at 411 Farwell Avenue, South St. Paul, MN 55075.

9. Upon information and belief, at least some of the laser boresighters imported, offered for sale, and sold by Sellmark to Sportsman's are resold by Sportsman's under the name "Guide Gear Universal Laser Boresighter."

10. A true and correct copy of a catalog ad from Sportsman's promoting the Guide Gear Universal Laser Boresighter is attached hereto as Exhibit 3.

11. On information and belief, Sportsman's resells Sellmark's boresighters in Arizona.

12. Sellmark is engaged in activity directed towards the direct infringement of at least claims 1-8, 11-12, 14-15, and 16-18 of the '947 Patent by selling and/or offering to sell laser boresighters as claimed in the '947 Patent.

**NATURE OF ACTION, JURISDICTION AND VENUE**

13. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 101, et. seq., including 35 U.S.C. §§ 271, 281, 283 and 284.

14. Sellmark has engaged in activity that infringes the '947 Patent.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over Sellmark, and venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400, because at least some of the acts complained of herein occurred in this District. On information and belief, Sellmark has introduced laser boresighters that infringe the '947 Patent into the stream of

13709419.1

- 2 -

commerce with knowledge or the reasonable expectation that said laser boresighters would be sold or offered for sale in Arizona.

16. On information and belief, prior to selling and offering for sale at least some of the laser boresighters it sold to Sportsman's, Sellmark was aware of the '947 Patent, that the '947 Patent is owned by P&L, and that P&L is located in Arizona.

17. Sellmark has directed its infringing activities to an entity located in the District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Background

18. P&L produces in Arizona laser boresighters falling within the scope of the '947 Patent.

19. P&L sells and offers to sell laser boresighters falling within the scope of the '947 Patent in Arizona and throughout much of the United States.

20. P&L's laser boresighters fit into the bore of a firearm and project a laser beam, allowing optical sights on a firearm to be calibrated to the bore of the gun.

21. P&L sells its laser boresighters to Sportsman's.

22. P&L has learned that Sellmark has offered to sell and sold private-label laser boresighters to Sportsman's.

23. On information and belief, the private-label boresighters sold by Sellmark to Sportsman's are manufactured in China and imported into the United States.

24. Upon information and belief, Sellmark's laser boresighters are sold or offered for sale in Arizona by Sportsman's.

25. Upon information and belief, Sellmark had actual knowledge of P&L's laser boresighters prior to Sellmark importing its laser boresighters into the United States.

26. Upon information and belief, Sellmark had actual knowledge of the existence of the '947 Patent prior to Sellmark selling its laser boresighters in the United States.

27. Upon information and belief, Sellmark had actual knowledge of the '947 Patent at least as a result of a cease and desist letter sent by P&L's attorneys to Sportsman's on May 11, 2011.

28. A true and correct copy of the May 11, 2011 letter is attached hereto as Exhibit 4.

29. Upon information and belief, Sellmark had actual knowledge of the '947 Patent at least as a result of a series of emails sent by P&L's attorneys to Sellmark's attorneys between June 9, 2011 and September 9, 2011.

30. Sellmark's attorneys responded to the emails sent by P&L's attorneys via email on at least August 11, 2011 and August 23, 2011.

31. True and correct copies of the emails sent by P&L's attorneys between June 9, 2001 and September 11, and the emails sent by Sellmark's attorneys to P&L's attorneys on August 11, 2011 and August 23, are attached hereto as collective Exhibit 5.

32. On August 23, 2011 P&L's attorneys discussed Sellmark's infringement of the '947 Patent via teleconference with Sellmark's attorneys.

33. On August 23, 2011, P&L's attorneys sent a follow-up email to Sellmark's attorneys in an attempt to settle this matter.

34. A true and correct copy of the email referenced in the preceding paragraph is included in collective Exhibit 5.

35. Sellmark's attorneys never responded to the August 23, 2011 email.

36. Sellmark's laser boresighter includes a body, which when positioned in the bore of a gun barrel has an end that is positioned outside of the bore, and an opposite end positioned inside of the bore.

37. Sellmark's laser boresighter includes a seating mechanism that contacts the surface of the of the gun bore.

38. Sellmark's laser boresighter includes a bore adapter attached to an end of the boresighter body.

13709419.1

- 4 -

39. The bore adapter of Sellmark's laser boresighter is positioned in the bore of the gun when the boresighter is positioned in the bore of the gun.

40. The bore adapter of Sellmark's laser boresighter has a variable diameter.

41. Sellmark's laser boresighter includes a light source.

42. The light source of Sellmark's laser boresighter can emit a beam of laser light.

43. When Sellmark's laser boresighter emits a beam of laser light, the beam is aligned with the longitudinal axis of the body of the laser boresighter.

44. Sellmark's laser boresighter includes a bore adapter that includes deformable members.

45. Sellmark's laser boresighter has a one-piece body.

46. Sellmark's laser boresighter includes a body that has a surface with a first diameter at one end and a second diameter, which is less than the first diameter, at the opposite end.

47. Sellmark's laser boresighter has a tapered diameter section between its two ends.

48. Sellmark's laser boresighter includes an adapter that contacts the surface of the bore of a gun when the boresighter is positioned in the bore of the gun.

49. Sellmark's laser boresighter includes plurality of bore adapters.

50. The bore adapter of Sellmark's laser boresighter includes deforming members that are fingers.

51. The fingers of the bore adapter of Sellmark's laser boresighter splay to conform to different gun bore diameters.

52. The bore adapter of Sellmark's laser boresighter includes a ring to admit a screw.

53. The deformable fingers of Sellmark's laser boresighter are axially attached around the ring.

13709419.1

- 5 -

54. Sellmark's laser boresighter includes a power source connected to the light source.

55. Sellmark's laser boresighter includes a switch to connect the power source to the light source.

56. Sellmark's laser boresighter includes a cavity that houses the power source.

57. The body of Sellmark's laser boresighter includes an opening formed in the body to expose a switch.

58. The switch of Sellmark's laser boresighter is a cylinder with a switch diameter less than the cavity diameter.

59. The switch of Sellmark's laser boresighter has an axis substantially aligned along the body axis.

60. The switch of Sellmark's laser boresighter is rotatable to connect the power source to the light source.

61. The switch of Sellmark's laser boresighter includes an outside surface, radially disposed around the switch axis.

62. The switch of Sellmark's laser boresighter has a first conductive area and a cam.

63. The first cavity of Sellmark's laser boresighter has a second surface, radially disposed around the body axis, having a second conductive area and a channel to receive the switch cam, wherein the switch cam cooperates with the second surface channel to connect the first and second conductive areas.

64. The body of Sellmark's laser boresighter includes a conductive path through the light sources.

65. The power source of Sellmark's laser boresighter includes at least one battery housed in the switch's battery cavity.

66. The switch of Sellmark's laser boresighter has a first polarity connected to the switch's first conductive area and a second polarity connected to the switch's third conductive area.

67. The light source for Sellmark's laser boresighter is a laser.

68. The tapered diameter section of Sellmark's laser boresighter engages the gun muzzle when the laser boresighter is inserted into the bore of a gun.

69. Sellmark's laser boresighter includes a body section designed to extend at least partially into the bore of a gun.

70. The body section of Sellmark's laser boresighter that extends into the bore of a gun includes two sections designed to contact the inside surface of the bore.

## COUNT I

## Patent Infringement

71. P&L incorporates as fully restated herein each of the allegations and averments in the preceding paragraphs.

72. Sellmark has imported, offered to sell, and sold within the United States laser boresighters that directly infringe the '947 Patent.

73. On information and belief, Sellmark's actions were done with knowledge of the '947 patent and knowledge that its boresighters infringed the '947 patent.

74. P&L has no adequate remedy at law against Sellmark's acts. Unless Sellmark is enjoined from its unlawful actions, P&L will continue to suffer irreparable harm.

**WHEREFORE,** P&L demands judgment:

1. Declaring that the '947 is valid;

2. Declaring that Sellmark has infringed/is infringing the '947 Patent;

3. Enjoining and restraining Sellmark and its representative agents, servants, successors, assigns, employees, and all those in privity or active concert and participation with Sellmark, from directly infringing the '947 Patent, or inducing or contributing to the infringement of the '947 Patent;

4. Requiring Sellmark to compensate P&L adequately for the damages caused by its actions together with interests and costs;

13709419.1

5.     Holding that if Sellmark's infringement is found to be willful, P&L's damages be trebled pursuant to 35 U.S.C.§ 284;

6.     Holding that, if this case is found to be willful, this case be found to be exceptional and awarding P&L its reasonable attorneys' fees and expenses against Sellmark pursuant to 35 U.S.C. § 285;

7.     Assessing costs, other expenses and such other and further relief as the Court may deem just and proper; and

8.     Any additional remedy that the Court deems just.

DATED this 12th day of September, 2011.

SNELL & WILMER L.L.P.


By  *s/ David E. Rogers*
David E. Rogers (AZ Bar #019274)
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone:  (602) 382-6225
Facsimile:   (602) 382-6070
E-Mail:       drogers@swlaw.com

Attorneys for Plaintiff P&L Industries, Inc.


Of Counsel:
Alex D. Starkovich (AZ Bar #24782)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
(602) 382-6000
Fax: (602) 382-6070

13709419.1

- 8 -

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. Rule Civ. Proc. 38(b), P&L Industries, Inc. hereby demands a jury trial on all issues raised by the Complaint herein and triable by right to a jury.

DATED this 12th day of September, 2011.

*s/ David E. Rogers*
Attorneys for Plaintiff P&L Industries, Inc

13709419.1